UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUNHAM RUBBER & BELTING CORPORATION, | )<br>)<br>) |
| Plaintiff, | )<br>) CASE NO. 1:20-cv-440 |
| v. | )<br>) |
| PAYCHEX INSURANCE AGENCY, INC. and LANCE P. LITTLE, | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Dunham Rubber & Belting Corporation ("Dunham"), by counsel, for its Complaint against Defendants, Paychex Insurance Agency, Inc. ("Paychex"), and Lance P. Little ("Little"), state as follows:

### PARTIES

1. Dunham is an Indiana corporation with its principal place of business located in Johnson County, Indiana.

2. Paychex is a foreign corporation with its principal place of business located in Rochester, New York.

3. Little is a resident of the Commonwealth of Kentucky, and at times relevant to this Complaint, was an insurance agent working for and on behalf of Paychex.

### JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds the sum of $75,000, and the controversy is between citizens of different States.

5. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to this action occurred in the Southern District of Indiana, and Paychex conducts business in the Southern District of Indiana.

### FACTS RELEVANT TO ALL CLAIMS

6. In January 2019, Dunham was discussing various employment-related issues with a representative from Paychex, Inc., who at the time was and had been Dunham's payroll processor for many years. During those discussions, Dunham's need to explore health insurance was mentioned.

7. As a result of the foregoing, sometime in mid-February 2019, Dunham's President, Gary Buchanan, and Little began having telephone conversations regarding Dunham's health insurance coverage and potential coverage available through Paychex.

8. On or about February 27, 2019, Buchanan sent a Dunham employee census to Paychex and Little.

9. Thereafter, on or around April 12, 2019, Dunham submitted health insurance applications for its employees and family members to Little and Paychex.

10. The Dunham health insurance applications included the applications for Dunham employee G.S. and his spouse, L.S. Buchanan had made it known to Paychex and Little that underwriting and coverage for G.S. and L.S. was mandatory and that Dunham would not switch its health insurance coverage to Paychex if that were not the case.

11. On May 7, 2019, Little sent an email to Buchanan stating that he had good news and pricing for Dunham's coverage through Paychex.

12. On May 16, 2019, Buchanan and Little had a telephone conversation during which Little stated that he had great rates for Dunham and proceeded to provide that information to Buchanan.

13. During that May 16, 2019, Buchanan asked Little to confirm that G.S and L.S. were underwritten and coved at the rates that Paychex and Little gave him. Little responded that he was sure that they were but that he would double check.

14. Little called Buchanan back and confirmed that the G.S. and L.S. were underwritten and fully-covered at the rates that that Paychex and Little gave Buchanan.

15. On May 22, 2019, Paychex submitted written quotes for coverage to Dunham that were consistent with the rates that Paychex and Little gave to Buchanan during the May 16, 2019, telephone conversation.

16. After being assured that Paychex was providing underwriting and coverage for all Dunham employees and their family members who wanted coverage, including G.S. and L.S., Dunham switched its health insurance coverage to Paychex and cancelled its prior health coverage.

17. Thereafter, Dunham discovered that contrary to the representations made by Paychex and Little, L.S. was not fully covered and her health insurance claims were being denied.

18. Dunham later discovered that the applications it had submitted to Paychex and Little on April 12, 2019, had been altered and forged. Specifically, the medical history of L.S. had been completely deleted.

### COUNT I - FORGERY

19. Dunham incorporates by reference the allegations set forth in the preceding paragraphs as though fully stated herein.

20. Paychex and Little altered the Dunham health insurance applications with the intent to defraud.

21. The conduct of Paychex and Little was in violation of Ind. Code § 35-43-5-2.

22. Pursuant to Ind. Code § 34-24-3-1, Dunham is entitled to recover from Paychex and Little treble damages, its reasonable attorney's fees and costs of this action.

### COUNT II – FRAUD AND CONSTRUCTIVE FRAUD

23. Dunham incorporates by reference the allegations set forth in the preceding paragraphs as though fully stated herein.

24. Paychex and Little altered documents without authorization and made representations to Dunham that were false, inaccurate, and untrue.

25. Paychex and Little provided the false, inaccurate and untrue information to Dunham to induce it into purchasing health insurance coverage through Paychex.

26. Paychex and Little knew at the time or should have known at the time that their representations regarding the scope of the health insurance coverage that Dunham was buying through Paychex were false or Paychex and Little acted in reckless disregard for the truth of their representations.

27. Dunham reasonably relied on the misrepresentations of Paychex and Little.

28. Dunham would not have purchased health insurance coverage through Paychex but for the representations of Paychex and Little that all Dunham employees and family members, including L.S. were covered.

29. Paychex and Little made the representations to Dunham knowing them to be false and fraudulent, with the intent of deceiving and inducing Dunham to purchase health insurance coverage through Paychex.

30. As a direct and proximate result of the fraudulent actions and statements by Paychex and Little and Dunham's reliance on those actions and statements, Dunham has suffered harm and damages in an amount to be proven at trial

### COUNT III:  BREACH OF FIDUCIARY DUTIES

31. Dunham incorporates by reference the allegations set forth in the preceding paragraphs as though fully stated herein.

32. Paychex and Little owed fiduciary duties to Dunham, and pursuant to such duties, were required to act, at a minimum, with utmost honesty and good faith in all their dealings with Dunham.

33. Paychex's and Little's various actions and omissions as set forth herein and otherwise constituted one or more breaches of their fiduciary duties to Dunham.

34. Paychex's and Little's breaches of their fiduciary duties have caused and continue to cause damages to Dunham.

35. Paychex's and Little's breaches and other wrongful actions have been willful, wanton and malicious.

36. The conduct of Paychex and Little was willful, wanton, malicious, and oppressive, entitling Dunham to an award of exemplary and punitive damages in an amount sufficient to deter Paychex and Little from engaging in such conduct in the future.

### COUNT IV – NEGLIGENT MISREPRESENTATION

37. Dunham incorporates by reference the allegations set forth in the preceding paragraphs as though fully stated herein.

38. Paychex and Little had a duty to provide Dunham with accurate information concerning the scope of the health insurance coverage Dunham purchased through Paychex.

39. Paychex and Little negligently supplied false information to Dunham concerning the scope of the health insurance coverage Dunham purchased through Paychex.

40. Dunham justifiably relied on the information provided by Paychex and Little concerning the scope of the health insurance coverage Dunham purchased through Paychex.

41. Paychex and Little failed to exercise reasonable care and competence in communicating information to Dunham.

42. As a proximate result of the negligent misrepresentations by Paychex and Little, Dunham has suffered harm and damages in an amount to be determined at trial.

43. The conduct of Paychex and Little was willful, wanton, malicious, and oppressive, entitling Dunham to an award of exemplary and punitive damages in an amount sufficient to deter Paychex and Little from engaging in such conduct in the future.

### COUNT V - BREACH OF CONTRACT

44. Dunham incorporates by reference the allegations set forth in the preceding paragraphs as though fully stated herein.

45. The written quotes for coverage that Paychex sent to Dunham on May 22, 2019, along with the additional communications between Little and Dunham establish a contract for health insurance coverage for Dunham.

46. Paychex breached the contract by failing to provide underwriting and coverage as promised to Dunham.

47. As a proximate result of Paychex's breach of the Contract, Dunham has suffered harm and damages in an amount to be proven at trial.

## COUNT VI – PROMISSORY ESTOPPEL

48. Dunham incorporates by reference the allegations set forth in the preceding paragraphs as though fully stated herein.

49. Paychex and Little promised that the health insurance would cover all Dunham employees and family members, including L.S.

50. Paychex and Little made these promises with the expectation that Dunham would rely on them.

51. In reliance on the promises from Paychex and Little, Dunham cancelled its then current health insurance coverage and purchase health insurance coverage through Paychex.

52. Contrary tithe promises made by Paychex and Little, the health insurance Dunham purchased through Paychex did not cover L.S.

53. Dunham reasonably relied on the promises made Paychex and Little.

54. The reliance by Dunham on the statements made by Paychex and Little was of a definite and substantial nature.

55. As a proximate result of Paychex's and Little's breach of their promises to Dunham, Dunham has suffered harm and damages in an amount to be proven at trial.

WHEREFORE, Plaintiff, Dunham Rubber & Belting Corporation, respectfully request the following relief from the Court:

a. To award Dunham Rubber & Belting Corporation all available compensatory, punitive and other damages;

b. To grant Dunham Rubber & Belting Corporation the costs of this action, its reasonable attorney's fees, and pre- and post-judgment interest; and

c. To grant Dunham Rubber & Belting Corporation all other relief allowed.

## **REQUEST FOR JURY TRIAL**

Plaintiff, Dunham Rubber & Belting Corporation, hereby demands trial by jury of all issues so triable.

                        Respectfully submitted,

                        MORSE & BICKEL, P.C.

                        */s/ John J. Morse*
                        John J. Morse
                        Rebekah L. Phillips
                        MORSE & BICKEL, P.C.
                        320 N. Meridian Street
                        Suite 600
                        Indianapolis, IN  46204
                        Phone: (317) 686-1540
                        Fax: (317) 686-1541
                        Morse@MorseBickel.com
                        Phillips@MorseBickel.com

                        *Attorneys for Plaintiff, Dunham Rubber & Belting Corporation*